**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0373n.06
Filed: June 1, 2007

**No. 06-2021**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DELORES EGGERSON, Personal Representative of the Estate of Leon Dandredge, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SCHWARZER,[*] District Judge.

PER CURIAM. The plaintiff, Delores Eggerson, appeals from the district court's order granting the government's motion to dismiss this action, brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, for damages arising from the fatal shooting of Leon Dandredge by Deputy United States Marshal Mark Hessler. *Eggerson v. United States of America*, No. 05-594, 2006 WL 1720252 (W.D. Mich. June 22, 2006) (*Eggerson II*). The district court's decision was based on its determination that the current action, filed a week after the dismissal of *Eggerson v. Hessler*, No. 04-425, 2005 WL 2035049 (W.D.

---

[*]The Hon. William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

Mich. Aug. 23, 2005) (*Eggerson I*), was barred by collateral estoppel. *Eggerson I* was filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and resulted in a ruling that Hessler's use of deadly force against Dandredge during an attempt to arrest him was not unreasonable under the circumstances outlined in the district court's opinion. The court's order granting summary judgment to Hessler was recently affirmed by this court, based on our determination that Hessler's use of deadly force was justified as self-defense and was, therefore, reasonable. *Eggerson v. Hessler*, No. 05-2333, 2007 WL 579545 at *5 (6th Cir. Feb. 15, 2007) (*Eggerson III*).

The plaintiff's appeal appears to be based on nothing more than mere semantics. She argues that the first suit was dismissed "because the district court found no constitutional tort, but . . . made no determination with respect to negligence," and that the doctrine of collateral estoppel is, therefore, inapplicable. But this contention is in direct conflict with the plaintiff's concession in the district court, as reflected in the district court's opinion, "that unless the [district] court change[d] its ruling in [*Eggerson I*], collateral estoppel bars her from relitigating the issue of how the shooting occurred." As the district court noted, no motion to reconsider the *Eggerson I* decision was filed in that court, and we have since approved it. Moreover, the plaintiff's current attempt to backtrack on her concession – by arguing, in effect, that the issue in *Eggerson I* was "intent" while in *Eggerson II* it is "negligence" – overlooks the fact that both actions are based on the same facts and that the finding of reasonableness forecloses liability under both theories of recovery.

In short, we find that the appeal in this case borders on the frivolous and, given the full legal analysis provided by the district court in *Eggerson II*, we conclude that another detailed discussion of the case is obviously unnecessary.  We therefore AFFIRM the judgment of the district court for the reasons given in its opinion and order in *Eggerson II*, dated June 22, 2006.